IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    *Plaintiff*,<br><br>v.<br><br>Kevin Johnson,<br><br>    *Defendant*. | Case No. 16 CR 50060-1<br><br>Magistrate Judge Iain D. Johnston |

## REPORT AND RECOMMENDATION

Defendant has been charged by indictment with eight counts relating to charges of bankruptcy fraud, making a false oath or account, concealment and destruction of information, withholding recorded information, and concealment of bankruptcy estate property. *See* Dkt. 2. Before the Court is Defendant Kevin Johnson's Motion for a Bill of Particulars on each of the eight counts in the indictment. Dkt. 17. Defendant argues that he needs a bill of particulars to properly defend himself at trial, but he did not identify the additional information he seeks.

The Court heard argument on the motion on May 25, 2017. During the hearing, Defendant elaborated on his motion, explaining that although he believed the indictment was sufficient to charge him, he would like the government to identify the evidence he is accused of concealing or destroying. Defendant does not argue that this information is unavailable through discovery. Instead, Defendant stated that despite the government's production of approximately 7,000 pages of materials in discovery, he is unsure what documents the government plans to use at trial and for what purpose. Defendant essentially seeks a road map of the government's prosecution.

Federal Rule of Criminal Procedure 7(f) provides that a court may, in its discretion, order the government to provide the defendant with a bill of particulars. Fed. R. Crim. P. 7(f); *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003)). Whether a bill of particulars is necessary depends on whether the indictment sufficiently apprises the defendant of the charges against him to enable him to prepare for trial. *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008). "Information relevant to the preparation of a defense includes the elements of each charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated." *Id.* (citing *Fassnacht*, 332 F.3d at 446).

The government argues that the motion should be denied because Defendant does not identify any deficiencies in the indictment, and instead only seeks discovery. Defendant generally references the need for information sought and obtained by the Federal Bureau of Investigation, but he does not identify specific information he seeks. Defendant also requests information that was redacted from the discovery materials. The government states that

defendant is not entitled to this information because it is personal identification information of the witnesses, such as birth dates, social security numbers, telephone numbers and addresses. Additionally, the government argues that Defendant is not entitled to the specific evidence he is accused of concealing or destroying because Defendant is not entitled to a list of witnesses or documents that the government plans to present at trial. This Court agrees.

A defendant is only entitled to know the offense with which he is charged, not all the details of how it will be proved. *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981) (finding that a defendant does not have a right to know the details of the evidence to be introduced by the government or for what purpose the government will seek to have it admitted). A bill of particulars is not required when a defendant can obtain the information necessary for his defense through discovery or another satisfactory form. *Blanchard*, 542 F.3d at 1140. Further, "[i]t is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses ... or evidentiary detail." *United States v. Johnson*, 504 F.2d 622, 628 (7th Cir. 1974) (internal citation omitted).

The indictment in this case sufficiently apprises Defendant of the charged offenses, the time and place of the alleged criminal conduct and the relevant statutes. Additionally, Defendant has been provided with at least 7,000 pages of documents related to these charges, including 11 transcripts of grand jury testimony, all witness interview reports, and transcripts of the bankruptcy proceedings. Therefore, the information Defendant seeks to prepare his defense can be obtained through the extensive discovery provided by the government.

Accordingly, it is this Court's Report and Recommendation that Defendant's Motion for a Bill of Particulars be denied. Any objection to this Report and Recommendation shall be filed with the District Judge by June 9, 2017. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

The Court reiterates that Defendant may seek the appointment of counsel if he cannot afford to hire counsel to represent him.

Date: May 26, 2017           By: _____
                                  Iain D. Johnston
                                  United States Magistrate Judge