UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| UNITED STATES OF AMERICA | No. 16 CR 50060 |
|---|---|
| v. | |
| KEVIN O. JOHNSON | Judge Iain D. Johnston |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DIMISS THE INDICTMENT DUE TO AN ALLEGED VIOLATION OF THE SPEEDY TRIAL ACT AND THE SIXTH AMENDMENT TO THE CONSTITUTION**

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits the following response to defendant Kevin O. Johnson's motion to dismiss the indictment based on an alleged violation of the Speedy Trial Act and the Sixth Amendment to the Constitution.

1.    On July 21, 2021, the defendant filed a motion to dismiss the indictment alleging that "delays resulting from the series of Amended General Orders" from December 10, 2020 to August 2, 2021 violated his right to a speedy trial under Title 18, United States Code, Section 3161 and the Sixth Amendment. Dkt. 132, ¶ 2-3.

2.    The indictment in this case was returned on December 20, 2016. Defendant concedes that he was responsible for "most if not all of the delay" before the onset of the COVID-19 pandemic and the Chief Judge's first General Order suspending jury trials in the Northern District of Illinois on March 16, 2020. Dkt. 132, ¶ 7.

1

3. Defendant acknowledges that, beginning in March 2020, the Chief Judge's Amended General Orders suspended all federal criminal jury trials due to public health concerns related to the word-wide pandemic.

4. For example, in the Second Amended General Order 20-0012 entered in March 2020, the Chief Judge found that "[g]iven the public health emergency arising from the COVID-19 pandemic, and consistent with guidance and orders from federal executive authorities, the State of Illinois, and local governments …. Criminal jury trials scheduled for on or before May 29, 2020 are stricken, to be reset by the presiding judge to a date on or after June 1, 2020."

Second Amended General Order 20-0012, p. 5.

5. In this General Order, the Chief Judge explained,

> [t]his continuance is necessary because criminal jury trials require: (i) the gathering of a large number of persons in the Jury Department; (ii) at least 12 jurors seated in the courtroom to hear evidence; (iii) 12 jurors to deliberate in the jury room; and (iv) at least four weeks' notice in advance of trial to summon jurors. Social distancing guidelines render juror participation difficult or unsafe, and the current public health emergency renders it infeasible for the Clerk's Office to accomplish the mailing of juror summons. For these same reasons, in cases impacted by this trial continuance, the Court excludes time under the Speedy Trial Act through June 1, 2020, because the ends of justice outweigh the interests of the parties and the public in a speedy trial.

*Id.*

6. Due to the ongoing public health crisis posed by the COVID-19 pandemic in 2020 and 2021, several similar General Orders followed. In the Tenth Amended General Order entered on February 12, 2021 the Chief Judge ordered that criminal jury trials remain suspended until April 5, 2021. In this final order, the Chief Judge specifically found that under 18 U.S.C. § 3161(h)(7)(A) ---

the period of any continuance entered as a result of this Order through April 5, 2021, shall be excluded under the Speedy Trial Act, to serve the ends of justice. The Court finds that the delay outweighs the interests of the parties and the public in a speedy trial given the need to protect the health and safety of defendants, defense counsel, prosecutors, court staff, and the public by reducing the number of in-person hearings to the greatest extent possible.

Tenth Amended General Order, p 1.

7. Defendant asserts that the government moved to continue the March 2021 trial date over objection. Dkt. 132, ¶ 4. However, the continuance of this trial date was squarely within the period excluded by the Tenth Amended General Order in the interest of justice under Section 3161(h)(7)(A).

8. Defendant's assertion that his speedy trial rights "take precedence over the COVI'D-19 pandemic and Amended General Orders suspending jury trials" was rejected in *United States v. Olsen*, 995 F. 3rd 683 (9th Cir. 2021). In finding the trial delay met the ends of justice provision in Section 3161, the court in *Olsen* concluded, "surely a global pandemic that has claimed more than half a million lives in this country, and nearly 60,000 in California alone, falls within such unique circumstances to permit a court to temporarily suspend jury trials in the interest of public health." 995 F.3d at 693.

9. In reaching its decision, the court endorsed a balancing test considering "whether the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in convening a speedy trial." 995 F.3d at 692.

10. In furtherance of this test, the *Olsen* court provided a non-exhaustive list of factors relevant to continuances related to a pandemic:

> (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since

3

the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.

*Id.*

11. In the case at bar, several of these factors weigh against defendant's motion to dismiss and in support of the exclusion of time in the interest of justice. First, defendant has not been detained in this case. Further, defendant only invoked his speedy trial rights after the onset of the pandemic crisis. In addition, although defendant is not accused of a violent crime and may not present a risk of recidivism, the felony charges themselves are serious. Finally, the Amended General Orders properly acknowledged the unprecedented public health and safety risks posed by COVID-19 to court personnel, the defendant, counsel and the jurors, and properly concluded it would have been unsafe to hold a trial during the applicable time.

12. Defendant's argument that pre-trial delay in his case violated the Sixth Amendment should fail. In determining whether a pretrial delay violates the Speedy Trial Clause, the Seventh Circuit considers: "(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant caused by the delay." *United States v. Koller*, 956 F.2d 1408, 1413, (7th Cir. 1992) *citing Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Here, with regard to the first two factors, the length and reason for the delay was appropriate given the risk to public health posed by conducting a jury trial during the global pandemic. Next, defendant did not assert

4

his speedy trial rights before the onset of the pandemic. Lastly, defendant cannot establish that the delay caused him prejudice. The Seventh Circuit examines "prejudice resulting from a delay in trial in light of the interests the Sixth Amendment seeks to protect. The interests are (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *United States v. Bell*, 925 F.3d 362, 376 (7th Cir. 2019) quoting: *United States v. Harmon*, 721 F.3d 877, 883 (7th Cir. 2013) (citations and internal quotation marks omitted). While defendant claims that he has been prejudiced "both personally as well as professionally" he was never detained during the pendency of his case. Dkt 132, ¶ 15(D). In addition, defendant has failed to demonstrate that his ability to defend the case has been impaired in any way. Therefore, the continuance of the trial dates pursuant to the Amended General Orders did not violate defendant's rights under the Sixth Amendment.

Wherefore, the United States respectfully requests that the Court deny defendant Kevin O. Johnson's motion to dismiss the indictment.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Matthew Schneider*
MATTHEW SCHNEIDER
MICHAEL BECKMAN
Assistant United States Attorneys
Assistant United States Attorneys
327 South Church Street, Suite 3300
Rockford, Illinois 61101

Dated: July 29, 2021