UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 16 CR 50060 |
| v. | |
| KEVIN O. JOHNSON | Judge Iain D. Johnston |

**GOVERNMENT'S SUPPLEMENTAL MOTION *IN LIMINE* TO EXCLUDE DEFENDANT'S EXHIBITS 19, 20, AND 21 FROM EVIDENCE AT TRIAL**

The UNITED STATES OF AMERICA by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully submits the following supplemental motion *in limine*, seeking entry of an order excluding defendant's exhibits 19, 20, and 21 from evidence at the trial of this case.

1. Defendant has filed a proposed list of exhibits for the trial of this case. Dkt. 125.

2. Following the pretrial conference on July 23, 2021, the defense tendered copies of proposed defense exhibits 19, 20, and 21 to the government which defendant plans to use in his examination of a government witness.[1]

3. Exhibit 19 purports to be defendant's April 2016 multi-page discovery disclosure in criminal case 14 CF 105 entitled People of the State of Illinois vs. Kevin O. Johnson, including Johnson's intention to offer into evidence a photograph

---

[1] Upon request, the government will present copies of exhibits to the court *in camera* or file the exhibits under seal.

depicting the witness's bare breasts that, according to defendant, the witness texted to defendant.

4.     Defendant's Exhibit 21 is a DeKalb area newspaper article discussing defendant's criminal case and his intention to offer the alleged photograph of the witness into evidence in his state court criminal case.

5.     Defendant's Exhibits 19 and 21 are inadmissible hearsay evidence and irrelevant to the issues presented in the case.

6.     Defendant's Exhibit 20 is a color version of the salacious photograph allegedly of the witness.

7.     Defendant's Exhibit 20 is inadmissible on several grounds.  Apart from the irrelevance and lack of foundation for admission of Exhibit 20,[2]  the photograph is clearly intended to embarrass and intimidate the witness.  Defendant's assertion that the exhibit demonstrates bias on the part of the witness is disingenuous. Defendant may cross-examine the witness for possible bias without resorting to offering Exhibit 20 into evidence.  Federal Rule of Evidence 611(a) provides the Court may "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment."  Here, the government submits defendant Johnson's plain purpose

---

[2]  The witness has denied texting the photo to defendant.  Furthermore, any foundation for the authenticity of the photograph relies entirely on the uncorroborated word of the defendant.

is to use Exhibits 19 – 21 to harass and embarrass the witness. Therefore, the exhibits should be excluded under Rule 611(a)(3).

8.    In addition, even if these defense exhibits were deemed to have minimal relevance, they should be excluded under Fed. R. Evid. 403 as the evidence "is much more likely to distract than to enlighten the jurors, or to make the jury irrationally doubt the witness's truthfulness." *United States v. Santos*, 201 F.3d 953, 964 (7th Cir. 2000).

For these reasons, the government respectfully requests that the Court grant this supplemental motion in limine.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:    */s/ Matthew Schneider*
MATTHEW SCHNEIDER
MICHAEL BECKMAN
Assistant United States Attorneys
326 South Church Street, Suite 3300
Rockford, Illinois

Dated:  July 30, 2021